FILED

2020 Feb-10  PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SABRINA DAVIDSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No.: |
| V. | ) | |
| | ) | |
| REGENCY SENIOR LIVING, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANT(S). | ) | |
| | ) | |

## COMPLAINT

## JURISDICTION

1.     The Plaintiff brings this action for injunctive relief and damages under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2), The Family and Medical Leave Act. The Plaintiff invokes the jurisdiction of this Court to secure protection for and to redress the deprivation of rights caused by the Defendant.

2.     This is a suit authorized and instituted under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., (ADA).

3.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A).  The Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

4.     Plaintiff, Sabrina Davidson, ("Plaintiff" or "Davidson") is a resident of Huntsville, Madison County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Northeastern Division.

5.     Defendant Regency Senior Living, LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

6.     Defendant employed at least fifty (50) people for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. The Defendant employed these fifty (50) employees within 75 miles of the Plaintiff's worksite.

## FACTS

7.     The Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

8.     The Plaintiff began her employment with the Defendant on or about October 17, 2005, as a CNA/RA.

9.     The Plaintiff was qualified for her job as a CNA/RA.

10. The Plaintiff is a person with disabilities, Anxiety and Depression that affects one or more major life activities that include but are not limited to, sleeping, thinking, and communicating with others.

11. Davidson can perform all of the essential functions of her job.

12. On or about February 12, 2019, Davidson began experiencing the symptoms of her conditions.

13. After work, Davidson went to the hospital for Panic Attacks, a symptom of her conditions.

14. The next day, Davidson called in to work because of her conditions.

15. Davidson was admitted to the hospital for her conditions and stayed there for the period between February 13, 2019, until February 15, 2019.

16. Davidson's daughter, Ametrico Gardner, was in constant communication with her supervisor, Ceptie Sinous, during her hospitalization and disclosed the nature of the Plaintiff's disability.

17. The Plaintiff's son, Marke'st Gardner, also contacted her employer to notify them of her need for leave.

18. On February 15, 2019, Davidson called the Human Resources Department and asked for the paperwork for Family and Medical Leave.

19. Although Davidson called repeatedly, there was no answer.

20.     Davidson left a message letting the person in charge know she needed the FMLA documents.

21.     Davidson never received a call back from Human Resources.

22.     On Monday, February 18, 2019, Davidson called to speak to Sinous.

23.     During the conversation, Plaintiff tried to explain that she wanted to return to work.

24.     Sinous refused to listen, cutting her off as she was speaking.

25.     Sinous told Plaintiff that they had already met on Friday and had decided to terminate her employment because she had allegedly committed a no-call, no-show.

26.     Davidson did not have a no-call, no-show.

27.     The company replaced Davidson with a person who does not have a disability and who did not request FMLA.

28.     After 60 days, Davidson attempted to return to work.

29.     The company refused to allow Plaintiff to return to work.

## COUNT ONE ADA FAILURE TO ACCOMMODATE

30.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

31.    Plaintiff suffers from anxiety and depression, impairments that substantially limit one or more major life activities, including, but not limited to, thinking, sleeping, and interacting with others.

32.    Plaintiff's disabilities affect her such that several major life activities like thinking and sleeping, among others, are significantly restricted as compared to the average person in the general population.

33.    The Plaintiff required reasonable accommodation, time off to recover.

34.    The Plaintiff requested that the Defendant provide reasonable accommodation.

35.    The Plaintiff was able to perform the essential functions of her job with accommodation for her disability.

36.    The Defendant failed to engage in the interactive process required by the Americans with Disabilities Act, even though the Plaintiff performed the essential functions of her job.

37.    Because of Defendant's violation of the ADA, the Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT TWO ADA DISCRIMINATION - TERMINATION

38.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

39.     The Plaintiff suffers from depression and anxiety, disabilities that substantially limit several major life activities.

40.     The Defendant knew of Plaintiff's disabilities.

41.     The Plaintiff's anxiety and depression affect her such that the major life activities of thinking, sleeping, and caring for oneself are significantly restricted as compared to the average person in the general population.

42.     The Plaintiff could perform the essential functions of her job with accommodation for her disability.

43.     Plaintiff requested an accommodation, time off from work to recuperate in the hospital.

44.     At all times relevant to this complaint, the Plaintiff performed the essential functions of her duties in a satisfactory or better manner.

45.     On or about February 18, 2019, Defendant terminated Plaintiff's employment, essentially citing the time she took off for her disability as the reason.

46.     There are no logical, medical or other bases to believe that the Plaintiff's disability would prevent the Plaintiff from performing the essential functions of the job.

47.     But for the Plaintiff's disability, the Defendant would have retained Plaintiff in her position as a CNA/RA.

48.    The Defendant violated the ADA by terminating her employment because of her disability.

49.    Because of Defendant's violation of the ADA, the Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT THREE – ADA – PERCEPTION - DISABILITY

50.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

51.    The Plaintiff is a person with an impairment that substantially restricts her as compared to the average person in the general population.

52.    But for the Defendant's perception of the Plaintiff's disability, the Defendant would have retained Plaintiff in her position as a CNA/RA.

53.    In failing to retain the Plaintiff, Defendant violated the ADA because of the Defendant's perception of the Plaintiff's disability.

54.    Because of the Defendant's violation of the ADA, the Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT FOUR– ADA –- RETALIATION

55.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

56.    The Plaintiff was qualified for her position and able to perform the essential functions of the job.

57.     On or about February 13, 2019, the Plaintiff engaged in protected activity, when she requested an accommodation for her disability.

58.     On or about February 18, 2019, Defendant terminated the Plaintiff's employment.

59.     But for the Plaintiff's protected activity, Defendant would have retained the Plaintiff in her position as a CNA/RA.

60.     The Defendant violated the ADA by terminating the Plaintiff for engaging in protected activity.

61.     Because of the Defendant's violation of the ADA, the Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT FIVE FMLA INTERFERENCE

62.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

63.     During the 12 months before February 13, 2019, Defendant employed Plaintiff for at least 1,250 hours of service.

64.     Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's health issues related to her diabilities.

65.     During the week of February 13, 2019, the Defendant employed fifty or more employees, worked within 75 miles of the location where the Plaintiff worked.

66.     On February 13, 2019, the Plaintiff provided notice of unforeseeable FMLA leave to treat symptoms of her conditions.

67.     The Plaintiff provided notice of her unforeseeable need of FMLA leave the same day that the need for FMLA leave arose.

68.     Before Plaintiff's hospitalization, the Plaintiff had never informed the Defendant of the need for FMLA leave.

69.     The Defendant failed to provide the Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

70.     The Defendant failed to provide the Plaintiff with an FMLA Designation Notice form.

71.     The Defendant failed to provide Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form OR FMLA Certification of Health Care Provider for Family Member's Serious Health Condition form.

72.     The Defendant interfered with Plaintiff's FMLA rights by not allowing her to commence leave.

73.     On February 18, 2019, Defendant terminated Plaintiff's employment without a lawful explanation.

74.     The Defendant's employees knew that the Plaintiff suffered from FMLA qualifying conditions for which she needed treatment through her doctor.

75.     Because of Defendant's interference with the Plaintiff's rights under the FMLA, the Plaintiff has been damaged, suffering loss of pay and benefits.

**COUNT SIX- FMLA RETALIATION**

76.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

77.     During the 12 months before February 13, 2019, the Defendant employed the Plaintiff for at least 1,250 hours of service.

78.     The Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year before February 13, 2019.

79.     During the week of February 13, 2019, the Defendant employed fifty or more employees, worked within 75 miles of the location where the Plaintiff worked.

80.     On February 13, 2019, the Plaintiff provided notice of unforeseeable FMLA leave to seek treatment for symptoms of her conditions.

81.     The Plaintiff provided notice of her unforeseeable need of FMLA leave as soon as practicable due to her medical emergency.

82.     Before February 13, 2019, the Plaintiff had never informed the Defendant of a need for FMLA leave.

83.     The Defendant willfully failed to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

84.    The Defendant willfully failed to provide the Plaintiff with an FMLA Designation Notice form.

85.    The Defendant willfully failed to provide the Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form.

86.    Defendant terminated Plaintiff's employment on February 18, 2019.

87.    The Defendant's employees knew that the Plaintiff suffered from FMLA qualifying conditions for which he/she needed treatment through her doctor from October 15, 2015, until August 23, 2017.

88.    Ceptie Sinous informed the Plaintiff that the Defendant terminated her employment.

89.    The Defendant's manager, Ceptie Sinous, terminated Plaintiff's employment, in whole or part, because of Plaintiff's exercise of FMLA rights.

90.    Because of the Defendant's retaliatory termination decision in violation of the FMLA, the Plaintiff has been damaged, suffering loss of pay and benefits.

**COUNT SEVEN FMLA INTERFERENCE FAILURE TO REINSTATE**

91.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

92.    During the 12 months before February 13, 2019, Defendant employed Plaintiff for at least 1,250 hours of service.

93.     Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's, health issues related to pregnancy.

94.     During the week of February 13, 2019, the Defendant employed fifty or more employees, worked within 75 miles of the location where the Plaintiff worked.

95.     On February 13, 2019, the Plaintiff provided notice of unforeseeable/foreseeable FMLA leave to Ceptie Sinous.

96.     The Plaintiff provided notice of her unforeseeable need of FMLA leave the same day that the need for FMLA leave arose.

97.     The Plaintiff took leave under the FMLA.

98.     On or about February 18, 2019, the Plaintiff sought to return from her leave.

99.     Upon her return Defendant failed or refused to reinstate her to her former position.

100.    The Defendant interfered with Plaintiff's FMLA rights by not allowing her to return to the same or similar position upon her return.

101.    Because of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has lost pay and continues to be paid less.

102.     The Defendant's actions in terminating the Plaintiff violated the FMLA.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.      Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

B.      Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

C.      Enter an Order requiring the Defendant to make the Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

D.      Award her back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E.      Attorneys' fees and costs;

F.      Plaintiff requests that the Court award the Plaintiff equitable relief as provided by law; and,

G.      Any different or additional relief as determined by the Court to which Plaintiff is entitled.

_____
Kira Fonteneau (FON007)

**OF COUNSEL:**

The Fonteneau Firm LLC
A Member of the Five Points Law Group LLC
2151 Highland Avenue, Suite 205
Birmingham, Alabama 35205
T: 205.564.9005 F: 205.564.9006

### PLEASE SERVE DEFENDANT AS FOLLOWS

REGENCY SENIOR LIVING, LLC
6751 MOUNTAIN VIEW RD
OOLTEWAH, TN 37363
NATIONAL REGISTERED AGENTS INC
2 NORTH JACKSON STREET SUITE 605
MONTGOMERY, AL 36104